IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BEAUFORT ENGINEERING SERVICES, INC., d/b/a BES, Inc., BES CONSTRUCTION, LLC, Wm. WALTER BOLTON, individually, KELLY BUILDERS, Inc. and CHARLES KELLY, individually.<br><br>Plaintiffs<br><br>v.<br><br>FULL SCOPE SERVICES, LLC<br><br>Defendant. | CASE NO.:_____<br><br>**JURY TRIAL DEMANDED** |

## CLASS COMPLAINT

The representative Plaintiffs, on their behalf and on behalf of all parties similarly situated within the Class defined herein, by and through their attorneys, bring this Class Complaint against Defendant Full Scope Services, LLC and state as follows:

### I.   JURISDICTION AND VENUE

1. This Class Complaint arises out of various cognizable causes of action under Alabama law;

2. As more fully explained herein, the Representative Plaintiffs either reside, or have their principal place of business in Alabama;

3. The Defendant is a Georgia Limited Liability Company whose principal place of business is located in New Orleans, Louisiana; and,

4. Accordingly, the United States District Court for the Southern District of Alabama has jurisdiction and is the proper venue because the amount in controversy exceeds the jurisdictional limits, and there exists complete diversity of parties. *See* 28 U.S.C. § 1332.

## II. THE PARTIES

### A. Representative Plaintiffs

5. The below listed Plaintiffs are entities and an individual who have suffered economic harm as a result of the Defendant Full Scope Services, LLC's unlicensed practice of law with respect to filing and prosecuting of claims before the former Gulf Coast Claims Facility (hereinafter "GCCF") and/or the Deepwater Horizon Claims Center Economic & Property Damage Claims, MDL 2179 In re: Oil Spill by the Oil Rig "Deepwater Horizon" in Gulf of Mexico on April 20, 2010 (sometimes herein after "Claims Facility");

6. Beaufort Engineering Services, Inc., d/b/a BES, Inc. (sometimes hereinafter "Beaufort") is an Alabama corporation engaged in providing engineering and architectural services. Beaufort's principal place of business is 311 Fels Ave., Fairhope, AL 36532. Beaufort contracted with the Defendant Full Scope Services, LLC to file and prosecute a claim for economic losses resulting from the Deepwater Horizon Oil Spill. Full Scope Services' unlicensed practice of law as described herein has directly and proximately caused economic damage to the Plaintiff. Beaufort terminated the contract by letter dated January 11, 2012. The Defendant proceeded to place a lien on the Plaintiff's Claim before the Claims Facility and the Plaintiff satisfied the lien. Despite being enforced by the Claims Facility, this lien is invalid as described herein and has directly and proximately

caused economic damage to the Plaintiff. Beaufort's contract with the Defendant is attached hereto as Exhibit A;

7. BES Construction, LLC (sometimes hereinafter "BES") is a South Carolina company engaged in providing engineering, architectural and construction services. BES' principal place of business is 311 Fels Ave., Fairhope, AL 36532. BES contracted with the Defendant Full Scope Services, LLC to file and prosecute a claim for losses resulting from the Deepwater Horizon Oil Spill. Full Scope Services' unlicensed practice of law as described herein has directly and proximately caused economic damage to the Plaintiff. BES terminated the contract by letter dated January 11, 2012. The Defendant proceeded to place a lien on the Plaintiff's Claim before the Claims Facility. Despite being enforced by the Claims Facility, this lien is invalid as described herein and has directly and proximately caused economic damage to the Plaintiff. BES' contract with the Defendant is attached hereto as Exhibit B;

8. Wm. Walter Bolton (sometimes hereinafter "Bolton") is an individual resident of Baldwin County, Alabama, above the age of nineteen (19) and is the President and CEO of both Beaufort and BES. He further is the authorized business representative of both Beaufort and BES; accordingly, he is an individual authorized to file Claims for Beaufort and BES before the Claims Facility (and an individual authorized to file those claims before the GCCF). Full Scope Services' unlicensed practice of law as described herein has directly and proximately caused economic damage to the Plaintiff. The liens placed on the Claims of Beaufort and BES are invalid as described herein and have directly and proximately caused economic damage to the Plaintiff;

9. Kelly Builders, Inc. (sometimes hereinafter "Kelly Builders") is an Alabama corporation engaged in general contracting in the construction industry. Kelly Builders' principal place of business is 3651 Old Shell Rd., Mobile, AL 36608. Kelly Builders contracted with the Defendant Full Scope Services, LLC to file and prosecute a claim for losses resulting from the Deepwater Horizon Oil Spill. Full Scope Services' unlicensed practice of law as described herein has directly and proximately caused economic damage to the Plaintiff. Kelly Builders terminated the contract and hired legal representation in 2012. The Defendant proceeded to send an itemized bill to the Plaintiff, and to place a lien on the Plaintiff's Claim before the Claims Facility. Plaintiff satisfied the lien. Despite being enforced by the Claims Facility, this lien is invalid as described herein and has directly and proximately caused economic damage to the Plaintiff. Kelly Builders' contract with the Defendant is attached hereto as Exhibit C;

10. Charles Kelly is an individual resident of Baldwin County, Alabama, above the age of nineteen (19) and is the registered agent and owner of Kelly Builders. He further is the authorized business representative of Kelly Builders; accordingly, he is an individual authorized to file Claims for Kelly Builders before the Claims Facility (and an individual authorized to file those claims before the GCCF). Full Scope Services' unlicensed practice of law as described herein has directly and proximately caused economic damage to the Plaintiff. The lien placed on the Claim of Kelly Builders is invalid as described herein and have directly and proximately caused economic damage to the Plaintiff;

11. All Plaintiffs have filed Claims before either the GCCF or Claims Facility by contracting with the Defendant Full Scope Services, LLC;

12. All Plaintiffs accordingly have been economically harmed by Full Scope Service LLC's unlicensed practice of law. Thus, their damages are cognizable and compensable under Alabama law.

### B. Defendant

13. The Defendant Full Scope Services, LLC (sometimes hereinafter "Full Scope") is a Georgia Limited Liability Company whose Domicile Address is 340 Tom Reeves Dr., Carrollton, GA 30117 and whose principal place of business is 935 Gravier St., Ste. 1000, New Orleans, LA 70112. According to Full Scope's website, they hold themselves out to be a disaster recovery entity that helps businesses through the GCCF and the Claims Facility's claims process. *See generally*, http://fullscopeservices.com/claims-management-services/ (last visited 7/29/2013). By their own admission, they do not employ lawyers: "Our team includes certified property adjusters and appraisers, certified public accountants, and forensic accountants, as well as economic, financial, and legal consultants." *Id.* Full Scope purposely availed itself to the jurisdiction of this Honorable Court by soliciting the business of Alabama claimants and filing their claims before the GCCF and/or Claims Facility. Defendant Full Scope does not employ individuals authorized to practice law in Alabama, or upon information and belief, in any state. Additionally, on August 1, 2013 A Writ for Quo Warranto was issued in Baldwin County, Alabama against the Defendant enjoining the Defendant from the unauthorized practice of law. This Writ for Quo Warranto is attached hereto as Exhibit D.

### III. FACTUAL ALLEGATIONS

14. As it is well known, the Deepwater Horizon oil rig drilling on the Macondo lease tract caught fire and sank in the Gulf of Mexico in April, 2010 causing the worst man-made environmental disaster in history;

15. Following the oil spill, the United States Coast Guard designated BP Exploration as the "Responsible Party," thus making BP strictly liable under section 2702 of the Oil Pollution Act of 1990 for all damages resulting from the Macondo oil spill;

16. Pursuant to its obligations as "Responsible Party" BP began processing claims for damages through various programs. First they established the BP Claims Process, which transitioned into the Gulf Coast Claims Facility (sometimes hereinafter "GCCF") administered by Kenneth Feinberg, and finally, on December 21, 2012 the United States District Court for the Eastern District of Louisiana issued an Order and Reasons and Order and Judgment certifying the Economic and Property Settlement Class and granting final approval of the Economic and Property Damages Settlement Agreement. This established the procedures by which claims would be filed and processed through the Claims Facility;

17. The Plaintiffs contracted with the Defendant to file and prosecute their claims through the GCCF and/or claims facility. As mentioned above, the Plaintiffs contracted with the Defendant Full Scope Services, LLC to file and prosecute their claims through the GCCF and/or Claims Facility;

18. In 2013 the Alabama State Bar Association Office of General Counsel issued Ethics Opinion 2013-01 which clearly established that prosecuting an Alabama Claimant's BP claim before the Claims Facility by accounting or consulting firms such as Full Scope is illegal as it is the unlicensed practice of law: "Pursuant to Ala. Code § 34-3-6, Ala. Code

1975, non-lawyers cannot perform any act for an Alabama resident or business in connection with the BP Claims Program which constitutes advising or counseling another as to their legal rights or seeking redress of a wrong." Ethics Opinion 2013-1, at pg. 3. Alabama Ethics Opinion 2013-1 is attached hereto and incorporated by reference as Exhibit E, and fully set out herein; and,

19. Upon information and belief, at the time of filing of this Class Complaint, Full Scope Services continues to solicit Claimants (including Alabama individuals and businesses), continues to file Claims before the Claims Facility on their behalf, continues to prosecute already filed Claims, and is attempting to force any liens for services performed on Claims.

## IV. CLASS ACTION ALLEGATIONS

### A. Class Definition

20. The Representative Plaintiffs seek certification of a Class of "Alabama BP Claimants Harmed by Full Scope Services, LLC's Unlicensed Practice of Law" ("the Class") to be defined as: "The Class shall mean all Alabama individuals and entities who contracted with Full Scope Services, Inc. for assistance in filing and prosecuting their claim for damages under either the Gulf Coast Claims Facility or the Deepwater Economic Horizon Claims Center, and were harmed by the Defendant's unlicensed practice of law."

> **SUBCLASS A:** The above delineated class definition shall consist of a subclass (hereinafter "Subclass A") which consists of all such members of The Class who contracted with Full Scope Services and have had liens placed against their Claim before the Claims Facility, and *have not* satisfied that lien.
>
> **SUBCLASS B:** The above delineated class definition shall consist of a subclass (hereinafter "Subclass B") which consists of all such members of The Class who contracted with Full Scope Services and have had liens placed against their Claim before the Claims Facility, and *have* satisfied that lien.

B. **Numerosity of the Class/Impracticability of Joinder (Fed. R. Civ. P. 23(a)(1))**

21. The Class consists of thousands of Alabama individuals and entities who were economically damaged by the Defendant Full Scope Services, LLC's unlicensed practice of law, making joinder impracticable. Class notice can be effected through print, Internet, and broadcast notice.

C. **Commonality (Fed. R. Civ. P. 23(a)(2))**

22. The Class's claims present common questions of law and fact with regard to causation, and damages as their claims relate to the various causes of action brought under Alabama law. All claims within the Class arise from the same set of factual allegations, implicating the same set of State statutes, regulations, and other law.

D. **Typicality (Fed. R. Civ. P. 23(a)(3))**

23. The claims presented in this Class Complaint represent economic harm and damage caused by Full Scope Services' actions with regard to its unlicensed practice of law before the GCCF and Claims Facility, as those losses have been and continue to be suffered by members of the Class, and each Class member's claim arises from the same set of facts triggering Full Scope Services' liability.

E. **Adequacy of Representation (Fed. R. Civ. P. 23(a)(4))**

24. The Representative Plaintiffs each have claims typical of Alabama individuals and entities that contracted with Full Scope to file and prosecute their claims before either the GCCF or the Claims Facility, and zealous pursuit of their claims will benefit all members of the Classes. Representative Plaintiffs have engaged counsel with substantial experience in complex and class litigation, as well as in all manner of business and

economic loss representation in complex litigation for large and small business interests. The engaged counsel also have extensive experience with regard to punitive damages cases, and in representing clients in complex and protracted litigation before this Court and before federal and state courts throughout the United States. Representative Plaintiffs and their engaged counsel have the financial and other resources to prosecute this action vigorously on behalf of the Class. Neither the Representative Plaintiffs nor their counsel has any adverse interests to the members of the Class.

### F.   Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))

25. The common issues of fact and law arising from Full Scope's contracting with Class Members to file and prosecute their claim before either the GCCF or the Claims Facility will predominate over any issues particular to individual member of the Class. The common issues, outlined above, factually center on a single course of conduct by Full Scope Services, and subject Full Scope Services to liability under Alabama law that is a common source of remedy for all class members. Issues of punitive damages will also be common among all claims, and will best be administered for the punitive and determent goals of such damages in a single action. Issues of the quantum of compensatory damages for each class member, while individual to each member will best be administered according to a common set of criteria and using objective calculations as determined by the Court upon trial of the common causation and damages issues.

26. The class action procedure will be superior to individual or mass joinder litigation involving multiple trials. Repetitive individual trials may result in inconsistent adjudications of liability, disproportionate calculation of damages, inefficient

administration of pretrial and discovery issues, unfair administration of punitive damages, and a burdensome draining of the resources of the Court and the parties.

## V. CAUSES OF ACTION

### Count One

### Rescission/Cancellation

27. Representative Plaintiffs re-allege as if copied herein *in globo* and *in extenso* each and every allegation set forth in the preceding paragraphs as if restated herein;

28. Based on the Defendant's unlicensed practice of law as set forth above, any and all contracts between the Defendant and Representative Plaintiffs for the filing and prosecuting of claims before the GCCF and/or the Claims Facility are void for illegality and unenforceable as such; and,

29. Because the Defendant Full Scope operated and continues to operative in violation of state law in making and enforcing and/or attempting to enforce the contracts, it has been unjustly enriched by profiting off said contracts by collecting contingency fee percentages and/or filing and attempting to enforce liens on the Claims.

**WHEREFORE**, the Plaintiffs declare any contracts between them and Full Scope Services for the filing and prosecuting of claims before either the GCCF or the Claims Facility void, demands recession and cancellation of said contracts, and demands a judgment against the Defendants for compensatory and punitive damages, plus interest and costs, to include, but not be limited to attorneys' fees, and any other relief to which they might be entitled.

### Count Two

### Conversion

30. Representative Plaintiffs re-allege as if copied herein *in globo* and *in extenso* each and every allegation set forth in the preceding paragraphs as if restated herein;

31. Defendant Full Scope operated and continues to operative in violation of state law in making and enforcing and/or attempting to enforce the contracts, it has been unjustly enriched by profiting off said contracts by collecting contingency fee percentages and/or filing and attempting to enforce liens on the Claims. The fees and/or liens collected are properly the property of the Representative Plaintiffs. Accordingly, the Defendant has misappropriated personal property of the Plaintiffs to its own use or benefit; has exercised dominion over the property to the exclusion or defiance of the Plaintiffs' rights; and/or, is withholding possession of property from the owner under a claim inconsistent with the owner's title;

32. Representative Plaintiffs are the complete owners of the funds converted by the Defendant; and,

33. The conversion was willful.

**WHEREFORE**, the Plaintiffs and demands a judgment against the Defendants for compensatory and punitive damages, plus interest and costs, to include, but not be limited to attorney's fees, and any other relief to which they might be entitled.

### Count Three

### Unjust Enrichment

34. Representative Plaintiffs re-allege as if copied herein *in globo* and *in extenso* each and every allegation set forth in the preceding paragraphs as if restated herein;

35. By operation of the Defendant's unlicensed practice of law, any contracts between the Representative Plaintiffs and the Defendant for the filing and prosecuting of claims before either the GCCF or the Claims facility are void; and,

36. The Defendant knew, or should have known, it was operating in violation of Alabama state law and was accordingly unjustly enriched by profiting off of these contracts, and/or placing liens on the Claims.

**WHEREFORE**, the Plaintiffs and demands a judgment against the Defendants for compensatory and punitive damages, plus interest and costs, to include, but not be limited to attorney's fees, and any other relief to which they might be entitled.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiffs, on their behalf and on behalf of all members of the Class, demand that there be judgment entered in their favor and against the Defendant Full Scope Services, Inc., for all economic damages under Alabama law sustained by the Class members, to be proven at trial, together with punitive damages and all costs of this action and pre-judgment and post-judgment interest at the maximum rate allowable by law and all other such general and equitable relief as this Court may deem appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/

**Frederick T. Kuykendall, III**
AL Bar No. ASB4462A59F
Federal Bar No.: KUYF4462
KUYKENDALL & ASSOCIATES, LLC

**Ronnie Glynn Penton**
LA Bar No.#10462
Ala Bar Roll Number PENTR9646
Pro Hac Vice to follow

23937 US Hwy 98, Ste. 3
Fairhope, AL 36532
Phone: (205) 453-0060
Fax: (205) 453-0042
Email: ftkuykendall@yahoo.com
Plaintiffs' Counsel

THE PENTON LAW FIRM
Bogalusa, LA 70427
Phone: (985) 732-5651
Fax: (985) 735-5579
Email: fedcourtmail@rgplaw.com
Plaintiffs' Counsel

/s/ Grant D. Amey

**Grant D. Amey**
AL Bar No. ASB4273T83A
Federal Bar No.: AMEYG4273
KUYKENDALL & ASSOCIATES, LLC
23937 US Hwy 98, Ste. 3
Fairhope, AL 36532
Phone: (205) 453-0060
Fax: (205) 453-0042
Email: grantamey@gmail.com
Plaintiffs' Counsel

Defendant can be served as follows:

Full Service Solutions, Inc. c/o Incorp Services, Inc.,

2094 Myrtlewood Dr., Montgomery, AL 36111